**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 25 2008

Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| ADELE COBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLUEMERCURY, INC., | ) |
| 1010 Wisconsin Avenue, N.W., Suite 700 | ) |
| Washington, D.C. 20007, | ) |
| | ) |
| Serve Registered Agent: | ) |
| | ) |
| Corporation Service Company | ) |
| 1090 Vermont Avenue, N.W. | ) |
| Washington, D.C. 20005, | ) |
| | ) |
| and | ) |
| | ) |
| MARLA MALCOLM BECK, | ) |
| 6908 Armat Drive | ) |
| Bethesda, MD 20817, | ) |
| | ) |
| and | ) |
| | ) |
| BARRY JON BECK, | ) |
| 6908 Armat Drive | ) |
| Bethesda, MD 20817, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. _____

Case: 1:08-cv-01634
Assigned To : Sullivan, Emmet G.
Assign. Date : 9/25/2008
Description: Employ. Discrim.

JURY ACTION

**CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Adele Cobbs, by and through counsel, herein files suit against Bluemercury,

Inc., Marla Malcolm Beck ("Marla Beck"), and Barry Jon Beck ("Barry Beck") and for causes of

action states as follows:

## Introduction

1. Plaintiff Cobbs brings this complaint against Defendants Bluemercury, Marla Beck, and Barry Beck for retaliating against Cobbs for requesting and using intermittent leave pursuant to the Family and Medical Leave Act of 1993, § 2 *et seq.*, 29 U.S.C.A. § 2601, *et seq.* Plaintiff Cobbs also brings this complaint against Defendants Bluemercury, Marla Beck, and Barry Beck for interfering with Cobbs' ability to take leave to which she was entitled under the Family and Medical Leave Act of 1993, § 2 *et seq.*, 29 U.S.C.A. § 2601, *et seq.*

2. Plaintiff Cobbs also brings this complaint against Defendants Bluemercury, Marla Beck, and Barry Beck for retaliating against Cobbs for requesting and using intermittent leave pursuant to the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501, *et seq.* Plaintiff Cobbs also brings this complaint against Defendants Bluemercury, Marla Beck, and Barry Beck for interfering with Cobbs' ability to take leave to which she was entitled under the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501, *et seq.*

3. Plaintiff Cobbs also brings this complaint against Defendants Bluemercury, Marla Beck, and Barry Beck for retaliating against Cobbs for her involvement as a plaintiff in a lawsuit setting forth claims under the D.C. Minimum Wage Act, D.C. Code § 32-1001, *et seq.* ("DCMWA"), in violation of the anti-retaliation provisions D.C. Code § 32-1010.

## Parties

4. Plaintiff Cobbs is a resident of the state of Maryland and was employed by Defendants when they terminated her employment on or about July 11, 2008.

5. Defendant Bluemercury is a Delaware for-profit corporation that has its headquarters in the District of Columbia. Defendant Bluemercury conducts substantial activity in the District of Columbia

6. Marla Beck is the Chief Executive Officer and co-owner of Bluemercury and is employed by Bluemercury's corporate headquarters in the District of Columbia and conducts business in the District of Columbia.

7. Barry Beck is Chief Operations Officer and co-owner of Bluemercury and is employed by Bluemercury's corporate headquarters in the District of Columbia and conducts business in the District of Columbia.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over the claims presented in the first cause of action herein under the FMLA pursuant to 28 U.S.C. § 2601, *et seq.*

9. This Court has supplemental jurisdiction over the District of Columbia statutory law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue in this district and in this division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(2) and (3) and 1391(c) because a substantial part of the events giving rise to the claims set forth herein occurred in this District and because Defendant Bluemercury transacts substantial business within this District, Defendant Marla Beck conducts business in this District, and Defendant Barry Beck conducts business within this District.

## Factual Allegations

11. Bluemercury is a for-profit retail corporation of cosmetics and spa products and services, with offices located in twelve states and the District of Columbia.

12. Bluemercury is engaged in commerce and/or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current and/or preceding calendar year and is thus an "employer" subject to the requirements of the FMLA and the DCFMLA.

13. Marla Beck is a corporate officer who acts directly and indirectly in the interest of Bluemercury and is thus an "employer," individually liable for any violations of the requirements of the FMLA and the DCFMLA.

14. Barry Beck is a corporate officer who acts directly and indirectly in the interest of Bluemercury and is thus an "employer," individually liable for any violations of the requirements of the FMLA and the DCFMLA.

15. Bluemercury hired Cobbs as a full-time employee in its Accounts Payable Department in or about April 19, 2007.

16. On or about June 23, 2007, Cobbs was in a car accident which caused her serious medical injury.  As a result of the car accident, Cobbs required extensive physical therapy.

17. Due to her daily physical therapy sessions, Cobbs was forced to arrive at work later in the day than her usually schedule time.

18. On or about June 23, 2007, Cobbs spoke with Madelon Mulcahey, Bluemercury's Vice President of Human Resources, concerning her rights to FMLA and DCFMLA leave for her serious injury.

19. Mulcahey advised Cobbs to attend her physical therapy sessions, as prescribed by her doctor, and adjust her work schedule accordingly.

20. From on or about June 23, 2007, through in or about May, 2008, Bluemercury allowed Cobbs to attend her physical therapy sessions, as was medically advised by her doctor, and to arrive to work at Bluemercury later than her fixed start time.

21. On or about May 23, 2008, Cobbs was injured in a second automobile accident.

22. As a result of this second accident, Cobbs was forced to constrain her neck in a neck brace and her arm in a sling.

23. Cobbs was in extensive and serious pain but continued to work at Bluemercury.

24. On or about June 4, 2008, Ann Washington, Cobbs' direct supervisor, reprimanded Cobbs for being tardy to work due to her physical therapy sessions.

25. Washington gave Cobbs a formal write-up, informing Cobbs that her tardiness was unacceptable to Bluemercury.

26. When Cobbs asked why she was receiving a write-up, Washington said, "I don't know, but this is what Barry [Beck] told me to do."

27. This was the first write-up and reprimand which Cobbs received in her fourteen-month tenure with Bluemercury.

28. Washington also informed Cobbs that Washington was tracking Cobbs' arrival and departure times.

29. Upon receipt of the write-up, Cobbs spoke with Mulcahey concerning DCFMLA and FMLA leave.

30. Mulcahey informed Cobbs that she would speak with Barry Beck and the write-up would be withdrawn from Cobbs' record.

31. On or about June 23, 2008, Washington issued Cobbs a second write-up and reprimand for tardiness.

32. Washington once again informed Cobbs that Barry Beck had requested such a write-up and reprimand.

33. The write-up and reprimand documented Bluemercury's disapproval of Cobbs' arriving at work later in the day due to her physical therapy appointments.

34. On July 1, 2008, Cobbs opted-in to *Mickelson, et al. v. Bluemercury, Inc., et al.*, C.A. No. 2008 CA 004155 B, filed in the Superior Court for the District of Columbia.

35. Cobbs asserted in *Mickelson, et al. v. Bluemercury, Inc., et al.*, C.A. No. 2008 CA 004155 B, that, *inter alia*, Defendants Bluemercury, Marla Beck, and Barry Beck owed her overtime wages under the D.C. Minimum Wage Act, D.C. Code § 32-1001, *et seq.*

36. Cobbs's counsel provided notice to Defendants' counsel that Cobbs opted-in to *Mickelson, et al. v. Bluemercury, Inc., et al.*, C.A. No. 2008 CA 004155 B, on July 1, 2008.

37. On or about July 3, 2008, Cobbs sent an email to Mulcahey formally requesting intermittent DCFMLA and FMLA leave.

38. On or about July 7, 2008, Terry Downs, a Bluemercury Human Resource Specialist, issued Cobbs a formal response granting Cobbs DCFMLA and FMLA leave.

39. On or about July 10, 2008, Washington once again reprimanded Cobbs with a write-up for tardiness, and Washington informed Cobbs that the reprimand and write-up was under the direction and request of Barry Beck.

40. On or about July 11, 2008, only four days after Bluemercury granted Cobbs her DCFMLA and FMLA leave and only eleven days after Cobbs formally opt-in to an over-time wage lawsuit in the Superior Court of the District of Columbia, Bluemercury terminated Cobbs.

41. Marla Beck exercises managerial authority over all Bluemercury employees, including Cobbs, and she played a role in the decision whether Cobbs would be granted DCFMLA and FMLA leave and in the decision to terminate Cobbs' employment.

42. Barry Beck exercises managerial authority over all Bluemercury employees, including Cobbs, and he played a role in the decision whether Cobbs would be granted DCFMLA and FMLA leave and in the decision to terminate Cobbs' employment.

43. Defendants told Cobbs that she was terminated in an effort to reduce the size of Defendants' Accounts Payable Department; however, when terminating Cobbs Defendants did not follow prescribed, objective guidelines for determining which employees would be laid off. Instead Defendants terminated Cobbs in whole or in part because of her protected activities under the FMLA, the DCFMLA and/or the DCMWA.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT RETALIATION
### 29 U.S.C. § 2601, *et seq.*
### (Against all Defendants)

44. Cobbs hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

45. Cobbs engaged in protected activity when she requested FMLA leave and when she complained to Bluemercury about the retaliatory actions of Barry Beck, Washington, and Locraft.

46. Bluemercury, Barry Beck, and Marla Beck were aware of Cobbs' protected conduct and her request for FMLA leave.

47. Bluemercury, Barry Beck, and Marla Beck retaliated against Cobbs for engaging in protected activities under the FMLA and the DCFMLA.

48. Bluemercury wrongfully discharged Cobbs because she exercised her right to take leave granted under the FMLA and the DCFMLA.

49. Bluemercury's stated reason for terminating Cobbs' employment is pretext for retaliation against her for exercising her right to take leave granted under the FMLA and the DCFMLA.

50. The facts alleged set forth a claim under 29 U.S.C. § 2617 for intentional violation of 29 U.S.C. § 2615(a) and (b) for interfering with, restraining, and/or denying Cobbs' exercise of her right to family leave, by discharging Cobbs for exercising her right to family leave.

51. As a result of Defendants' violation of FMLA, Cobbs has suffered and will continue to suffer financial hardship, severe emotional distress, loss of wages and benefits, and loss of employment opportunities and career advancement.

52. Cobbs has no adequate or complete remedy at law to correct the unlawful employment practices set forth herein, and this suit for damages, injunctive and other equitable relief is her only means of securing adequate relief.

53. WHEREFORE, Cobbs demands judgment against Defendants and prays:

    (a) That this Court order Defendants to pay Cobbs lost wages, benefits and other compensation, plus interest, which would have been due her had she not been denied leave;

    (b) That this Court award Cobbs nominal, liquidated and punitive damages as allowed by statute;

    (c) That this Court grant Cobbs reasonable attorney's fees and any other costs of this action;

    (d) That the costs of this action be taxed against Defendants; and

(e) That this Court award Cobbs such other and further relief as may be deemed just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT INTERFERENCE
### 29 U.S.C. § 2601, *et seq.*
### (Against all Defendants)

54. Cobbs hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

55. Defendants demonstrated resistance to Cobbs taking FMLA leave, discouraged Cobbs from taking FMLA leave, and continually suggested that Cobbs would not be able to take FMLA leave.

56. Defendants wrongfully interfered with Cobbs' right to take FMLA leave.

57. The facts alleged set forth a claim under 29 U.S.C. § 2617 for intentional violation of 29 U.S.C. § 2615(a) and (b) for interfering with, restraining, and/or denying Cobbs' exercise of her right to FMLA leave and discriminating against Cobbs in denying her requests for leave under the FMLA 29 U.S.C. § 2601, *et. seq.*

58. As a result of Defendants' violations of the FMLA, Cobbs has suffered and will continue to suffer loss of wages and benefits, loss of employment opportunities and career advancement, and damage to her professional reputation.

59. WHEREFORE Cobbs demands judgment against Defendants and prays:

   a) That this Court order Defendants to pay Cobbs lost wages, benefits and other compensation, plus interest;

   b) That this Court award Cobbs nominal, liquidated and punitive damages as allowed by statute;

9

c) That this Court grant Cobbs reasonable attorney's fees and any other costs of this action;

d) That the costs of this action be taxed against Defendants; and

e) That this Court award Cobbs such other and further relief as may be deemed just and equitable.

## COUNT III
## D.C. FAMILY AND MEDICAL LEAVE ACT RETALIATION
### D.C. Code § 32-501, *et seq.*
### (Against all Defendants)

60. Cobbs hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

61. Cobbs engaged in protected activity when she requested DCFMLA leave and when she complained to Bluemercury about the retaliatory actions of Barry Beck, Washington, and Locraft.

62. Bluemercury, Barry Beck, and Marla Beck were aware of Cobbs' protected conduct and her request for DCFMLA leave.

63. Bluemercury, Barry Beck, and Marla Beck retaliated against Cobbs for engaging in protected activities under the DCFMLA.

64. Bluemercury wrongfully discharged Cobbs because she exercised her right to take leave granted under the DCFMLA.

65. Defendants' stated reason for terminating Cobbs' employment is pretext for retaliation against her for exercising her right to take leave granted under the FMLA.

66. The facts alleged set forth a claim under D.C. Code § 32-501, *et seq.* for interfering with, restraining, and/or denying Cobbs' exercise of her right to family leave, by discharging Cobbs for exercising her right to family leave.

67. As a result of Defendants' violation of DCFMLA, Cobbs has suffered and will continue to suffer financial hardship, severe emotional distress, loss of wages and benefits, and loss of employment opportunities and career advancement.

68. Cobbs has no adequate or complete remedy at law to correct the unlawful employment practices set forth herein, and this suit for damages, injunctive and other equitable relief is her only means of securing adequate relief.

69. WHEREFORE, Cobbs demands judgment against Defendants and prays:

    (a) That this Court order Defendants to pay Cobbs lost wages, benefits and other compensation, plus interest, which would have been due her had she not been denied leave;

    (b) That this Court award Cobbs nominal, liquidated and punitive damages as allowed by statute;

    (c) That this Court grant Cobbs reasonable attorney's fees and any other costs of this action;

    (d) That the costs of this action be taxed against Defendants; and

    (e) That this Court award Cobbs such other and further relief as may be deemed just and equitable.

**COUNT IV**
**D.C. FAMILY AND MEDICAL LEAVE ACT INTERFERENCE**
**D.C. Code § 32-501, *et seq.***
**(Against all Defendants)**

70. Cobbs hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

71. Defendants continually demonstrated resistance to Cobbs taking DCFMLA leave, discouraged Cobbs from taking DCFMLA leave and continually suggested that Cobbs would not be able to take DCFMLA leave.

72. Defendants wrongfully interfered with Cobbs' right to take DCFMLA leave.

73. The facts alleged set forth a claim under the DCFMLA for interfering with, restraining, and/or denying Cobbs' exercise of her right to DCFMLA leave and discriminating against Cobbs in denying her requests for leave under the DCFMLA.

74. As a result of Defendants' violations of the DCFMLA, Cobbs has suffered and will continue to suffer loss of wages and benefits, loss of employment opportunities and career advancement, and damage to her professional reputation.

75. WHEREFORE Cobbs demands judgment against Defendants and prays:

   a) That this Court order Defendants to pay Cobbs lost wages, benefits and other compensation, plus interest;

   b) That this Court award Cobbs nominal, liquidated and punitive damages as allowed by statute;

   c) That this Court grant Cobbs reasonable attorney's fees and any other costs of this action;

   d) That the costs of this action be taxed against Defendants; and

   e) That this Court award Cobbs such other and further relief as may be deemed just and equitable.

## COUNT V
## D.C. MINIMUM WAGE ACT RETALIATION
### D.C. Code § 32-1010
### (Against all Defendants)

76. Cobbs hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

77. Plaintiff Cobbs is an "employee" and Defendants are "employers" as those terms are defined in the DCMWA.

78. Defendants were aware by and through counsel of Cobbs' involvement in a DCMWA overtime lawsuit.

79. Defendants illegally retaliated against Cobbs for her involvement as a Plaintiff in a DCMWA lawsuit in the Superior Court of the District of Columbia, in violation of the anti-retaliation provision of the DCMWA, D.C. Code § 32-1010.

80. As a result of Defendants' violations of the D.C. Code § 32-1010, Cobbs has suffered and will continue to suffer loss of wages and benefits, loss of employment opportunities and career advancement, and damage to her professional reputation.

81. Cobbs has no adequate or complete remedy at law to correct the unlawful employment practices set forth herein, and this suit for damages, injunctive, and other equitable relief is her only means of securing adequate relief. Cobbs is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Bluemercury's discriminatory practices unless the Court grants relief as requested.

82. For violations of D.C. Code § 32-1010, Cobbs may recover recover from the Defendants, in addition to any judgment awarded, compensatory damages, punitive damages, interest, injunctive relief, the costs of this action, as well as a reasonable attorneys' fee to be paid by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE Cobbs demands judgment against Bluemercury and prays:

b.  That this Court order Defendants to pay Cobbs lost wages, benefits, and other compensation, plus interest;

c.  That this Court award Cobbs nominal, liquidated, and punitive damages as allowed by statute;

d.  That this Court grant Cobbs reasonable attorney's fees and any other costs of this action;

e.  That the costs of this action be taxed against Defendants; and

f.  That this Court award Cobbs such other and further relief as may be deemed just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues.

Adele Cobbs,
*By Counsel*

R. Scott Oswald, Esq.
D.C. Bar #458859
*Counsel for the Plaintiff*
Nicholas Woodfield, Esq.
D.C. Bar #471801
*Counsel for the Plaintiff*
The Employment Law Group, P.C.
888 17th Street, N.W., Suite 900
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
nwoodfield@employmentlawgroup.net